UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

MICHAEL CHARLTON,

                       Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
16-CR-220 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 1, 2016, the defendant, Michael Charlton, pleaded guilty to one count of Importation of Cocaine in violation of 21 U.S.C. § 952(a) and 21 U.S.C. 960(a)(1). The Court now sentences the defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, the defendant is hereby sentenced to 12 months and 1 day incarceration and a $100.00 special assessment.

## BACKGROUND

On April 9, 2016, the United States filed a Complaint against Michael Charlton ("Defendant") alleging Defendant had unlawfully imported cocaine, a Schedule II controlled substance, into the United States. Compl. at 1, ECF No. 1. The subsequent Indictment, filed on April 25, 2016, charged Defendant with two counts: (1) Importation of Cocaine in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1); and (2) Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841 (b)(1)(C). Indictment at 1, ECF No. 7. On September 1, 2016, Defendant pleaded guilty to Count One of the Indictment pursuant to a Plea Agreement. *See* Plea Agreement, ECF No. 17.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

# DISCUSSION

## I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. Factor One: The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born in Kingston, Jamaica, on December 10, 1997, to Norman Charlton and Jacquelyn Bailey. Presentence Investigation Report ("PSR") ¶ 27, ECF No. 18. Defendant's parents were never married, and he was raised primarily by his mother, a schoolteacher. *Id.* ¶¶ 27, 29. Ms. Bailey has financially supported Defendant for his entire life, including by paying to

treat his asthma, which he developed at age four. *Id.* ¶¶ 29, 32, 38. Between February 2010 and January 2011, both of Defendant's grandfathers passed away and Defendant's father was killed in a gas explosion. *Id.* ¶ 27; *see also* Bailey Support Letter at 1, ECF No. 19-1. Shortly thereafter, Defendant began to exhibit anger management issues. PSR ¶ 33. Ms. Bailey invested in individual talk therapy with a counselor, but the treatment did little to help Defendant. *Id.* The situation grew worse in 2012, when Defendant began high school at Kingston College in Jamaica. *Id.* ¶ 37. He fell in "with the wrong crowd," which prompted Ms. Bailey to arrange for his transfer to Highdel High School in September 2014. *Id.* In January 2015, Ms. Bailey arranged for Defendant to transfer a second time, to Linton Academy, for the same reason. *Id.* Defendant's behavioral issues persisted, and he began to smoke marijuana on a weekly basis. *Id.* ¶ 36. Later that year, he sustained a collapsed lung after being stabbed in the back during a fight. *Id.* ¶ 34. Defendant nevertheless avoided disciplinary problems while in school and as of his arrest date, he was in good academic standing and on schedule to take his high school exit examinations in May 2016. *Id.* ¶ 37.

On April 8, 2016, Defendant was arrested at John F. Kennedy International Airport ("JFK") in Queens, New York. *Id.* ¶¶ 2, 37. Defendant's cousin, Gavin Seaton, had arranged for Defendant to transport a suitcase containing cocaine from Jamaica to the United States. *Id.* ¶ 4. Defendant had received a suitcase and $700.00 from two men in Jamaica, who instructed Defendant to get a haircut and a shave and fly to JFK, where he would meet Mr. Seaton and deliver the suitcase to an address in Brooklyn, New York. *Id.* Defendant was told he would be paid between $3,000.00 and $4,000.00, in total, for completing the transaction. *Id.* When Defendant arrived at JFK, however, he was selected for an enforcement examination by U.S. Customs and Border Protection ("CBP") officers. *Id.* ¶ 2. After searching Defendant's suitcase,

the CBP officers found a package of cocaine weighing 1,924 grams. *Id.* ¶ 3. The CBP agents took Defendant into custody, *id.*, where he has remained since his arrest, *id.* at 1.

**B. Factor Two: The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter Defendant and others from engaging in similar criminal activity in the future. The Court takes into account "the defendant's youth at the time he committed the offense and his lack of criminal history." Gov't Sentencing Mem. at 1, ECF No. 20. The Court's sentence also considers the value of affording Defendant "the opportunity to resume his education and move forward with law-abiding life" in Jamaica. *Id.* at 3.

**C. Factor Three: The Kinds of Sentences Available**

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to Importation of Cocaine in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1), for which he faces a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 960(b)(3). If a term of imprisonment is imposed, 21 U.S.C. § 960(b)(3) provides the Court must also impose a term of supervised release of at least three years unless

Defendant satisfies the mitigating factors in 18 U.S.C. § 3553(f), in which case the statutory minimum does not apply. The mitigating factors are as follows:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Because the offense is a Class C felony, Defendant may also face probation for a term of not less than one nor more than five years, 18 U.S.C. § 3561(c)(1); a maximum fine of $1,000,000.00, *id.* § 3571(b); and a special assessment of $100.00, *id.* § 3013.

### D. Factor Four: The Kinds of Sentence and the Sentencing Range Established For Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Sentencing Guidelines § 2D1.1(a)(5) applies to violations of 21 U.S.C. § 952(a) and, per Guidelines § 2D1.1(c)(8), sets a base offense level of twenty-four. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(5), (c)(8) (Nov. 2016) ("USSG"). Defendant has

5

satisfied all five of the factors outlined in 18 U.S.C. § 3553(f), however, so he is eligible for a two-level safety-valve reduction. USSG § 2D1.1(b)(17). Defendant was also a minimal participant in the offense, therefore a four-level reduction is applied. *Id.* § 3B1.2(a). Defendant's acceptance of responsibility by pleading guilty and his timely notification of his intent to do so permits a further reduction by three levels. *Id.* § 3E1.1(a), (b). Accordingly, Defendant's total offense level is fifteen. Defendant does not have a criminal history, which results in a criminal history score of zero and a criminal history category of one. PSR ¶¶ 20–22.

With a total offense level of fifteen and a criminal history category of one, the Guidelines suggest an imprisonment term of between eighteen and twenty-four months. USSG ch. 5, pt. A. The Guidelines further recommend a supervised release term of one to three years because Defendant has satisfied the 18 U.S.C. § 3553(f) mitigating factors, meaning no statutory minimum for supervisory release applies, *id.* § 5D1.2(a)(2); a fine of between $7,500.00 and $1,000,000.00, *id.* § 5E1.2(c)(3), (4); and payment of the costs of prosecution, *id.* § 5E1.5. Defendant is ineligible for probation under the Guidelines. *See id.* § 5B1.1 cmt. n.2.

### E. Factor Five: Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not applicable in this case.

### F. Factor Six: The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. Factor Seven: The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

### CONCLUSION

A sentence of 12 months and 1 day of incarceration and the $100.00 mandatory assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addendum to the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 16, 2017
      Brooklyn, New York